MARTIN L. WELSH, ESQ.
Nevada State Bar No. 8720
MEGAN M. MCHENRY, ESQ.
Nevada State Bar No. 9119
LARSON A. WELSH, ESQ.
Nevada State Bar No. 12517
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
mwelsh@lvlaw.com; k.bratton@hayesandwelsh.onmicrosoft.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CF STAFFING SOLUTIONS, LLC, a Nevada limited liability company; MAX CASAL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT HEALTHCARE SERVICES, LLC, a foreign corporation; BREAKING SILOS IN MEDICINE, LLC, a foreign corporation; HABIB SHAMTE, M.D., an individual; DOES I - X, and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | CASE NO.:   2:24-cv-02355-GMN-EJY<br><br>(District Court of Clark County Nevada Case No. A-24-905033-C)<br><br><br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**<br>**(First Request)** |

Plaintiffs CF STAFFING SOLUTIONS, LLC, and MAX CASAL (hereinafter "CF Staffing" or "Casal" or, collectively, "Plaintiffs"), by and through their counsel of record, together with Defendants DISTRICT HEALTHCARE SERVICES, LLC, BREAKING SILOS IN MEDICINE, LLC, and HABIB SHAMTE, M.D. (collectively "Defendants" and together with Plaintiffs as the "Parties"), by and though their counsel of record, hereby submit this stipulation (the "Stipulation") to extend discovery deadlines set forth in the Scheduling Order [ECF No. 16] (the "Scheduling Order").  Pursuant to the Scheduling Order, the current discovery dates are as follows:

/ / /

| | | |
|---|---|---|
| 1 | Initial Expert Disclosures: | July 24, 2025 |
| 2 | Rebuttal Expert Disclosures: | August 23, 2025 |
| 3 | Close of Discovery: | September 22, 2025 |
| 4 | Dispositive Motion Deadline: | October 22, 2025 |
| 5 | Pretrial Order: | November 21, 2025 |

The deadline for expert disclosures and the other deadlines is more than twenty-one (21) days from the date of the filing of this Stipulation. This Stipulation is submitted in compliance with LR IA 6-1 and LR 26-3. This is the first request to extend discovery deadlines.

**a.      Statement Specifying the Discovery Completed.**

The Parties have each made initial disclosures.

Plaintiffs have drafted some written discovery but have not propounded it yet due to (1) continuing and ongoing attempts to resolve this matter via a negotiated resolution; (2) the fact that Defendants only recently filed an Answer to the First Amended Complaint and; (3) Defendant's June 24, 2025 filing of a Motion for Leave to Amend Defendants' Answer where Defendants propose to add counterclaims against Plaintiff CF Staffing Solutions, LLC and to bring in a brand new defendant/counter-defendant.

**b.      Specific Description of the Discovery that Remains to be Completed.**

Plaintiffs intend to propound written discovery to all Defendants on their claims and Defendants' defenses. Further, to the extent that Defendants' counterclaims are allowed to be filed and are not otherwise dismissed pursuant to any relevant motion, then Plaintiffs intend to engage in written discovery regarding all counterclaims.

Further, Plaintiffs intend to take the depositions of Defendants' 30(b)(6) designees as well as Defendant Dr. Shamte and any non-party fact or expert witnesses that may have testimony relevant to Plaintiffs' claims, Defendants' defenses, and any of the would-be counterclaims. Plaintiffs (potential counter-defendants) intend to serve subpoenas on third parties and may take depositions of relevant third parties.

/ / /

Defendants also intend to propound written discovery on Plaintiffs in connection with their claims and Defendants' defenses. Defendants will also notice depositions of Plaintiff's corporate designee(s) and others in Plaintiff's employ who may have knowledge of the facts and circumstances underlying Plaintiff's claims. Plaintiffs also may issue third-party subpoenas for documents and/or testimony based on the content and quality of Plaintiff's responses to Defendants' discovery requests.

Moreover, if Defendants' Motion for Leave to Amend is granted, and its Amended Answer and Counterclaims become the operative pleading, Defendants/Counterclaimants intend to propound written discovery on those counterclaims and the new party to this action who will be added as a counter-defendant. This additional discovery will include items related to the new party's alter-ego status as related to Plaintiff. The discovery of the alter-ego issue will also likely include issuance of third-party subpoenas for documents and/or testimony.

Finally, expert witness discovery will be necessary to the extent the parties elect to disclose experts in this action.

c. **The Reasons Why the Remaining Discovery was Not Completed.**

As noted above, despite the fact that this matter has been pending for several months, this Court only ruled on Defendant's Motion to Dismiss the First Amended Complaint [ECF No. 12] on May 2, 2025 [ECF No. 24] and Defendants only answered the First Amended Complaint a month ago (May 23, 2025) [ECF No. 27]. Following that Answer (and even prior) the Parties, through counsel, have attempted to resolve this matter via negotiations (prior to expending significant sums that may make resolution more difficult). Those negotiations, so far, have not yielded a resolution and Plaintiffs had begun drafting written discovery in early June while continuing to negotiate.

/ / /

/ / /

/ / /

1   However, on June 24, 2025, Defendants filed a Motion to Amend Answer to First Amended Complaint [ECF No. 28] that seeks to bring various counterclaims against Plaintiffs and to implead a new party as a defendant/counter-defendant. Plaintiff's current intent is to bring a motion to dismiss those proposed counterclaims if Defendant is allowed to amend as requested. That will clearly involve briefing and an order from this Court disposing such a motion one way or the other. Further, those new proposed counterclaims will, especially insofar as they bring an alleged "alter ego" claim against a proposed new party, may require substantially different (not-overlapping) discovery than contemplated by the Parties prior to the proposed filing of the Amended Answer.

The recently filed Answer, the Motion to Amend Answer and bring counterclaims, and the Parties' continued efforts to negotiate a resolution of this matter have led to discovery not having been completed. The Parties believe that, given the current status of this matter, the likelihood of additional litigation and briefing related to the proposed Amended Answer and the potential for additional discovery that those counterclaims (along with a continued desire to further explore resolution via private negotiation (and perhaps via private mediation), an extension of the discovery deadlines is necessary to allow a full airing of the issues.

**d.      Proposed Schedule for Completing All Remaining Discovery.**

|  | Current Deadline | Proposed New Deadline |
|---|---|---|
| Initial Expert Disclosures: | July 24, 2025 | October 22, 2025 |
| Rebuttal Expert Disclosures: | August 23, 2025 | November 21, 2025 |
| Close of Discovery: | September 22, 2025 | December 22, 2025 |
| Dispositive Motion Deadline: | October 22, 2025 | January 22, 2026 |
| Pretrial Order: | November 21, 2025 | February 23, 2026 |

In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cutoff date set forth in this discovery plan and scheduling order, the date for filing the joint

pretrial order shall be extended in accordance with the periods set forth in this paragraph. Good cause exists for the requested extension.

Dated July 2, 2025

| | |
|---|---|
| LAW OFFICE OF HAYES & WELSH | DICKINSON WRIGHT, PLLC |
| /s/ Martin L. Welsh | /s/ Brooks T. Westergard |
| MARTIN L. WELSH, ESQ. | JOHN P. DESMOND, ESQ. |
| Nevada State Bar No. 8720 | Nevada State Bar No. 5618 |
| MEGAN M. MCHENRY, ESQ. | BROOKS T. WESTERGARD, ESQ. |
| Nevada State Bar No. 9119 | Nevada State Bar No. 14300 |
| LARSON A. WELSH, ESQ. | MACKENZIE E. ROBINSON, ESQ. |
| Nevada State Bar No. 12517 | Nevada State Bar No. 16309 |
| 199 North Arroyo Grande Blvd., Suite 200 | 940 W. Liberty Street, Suite 940 |
| Henderson, Nevada 89074 | Reno, Nevada 89510 |
| *Attorneys for Plaintiffs, CF Staffing Solutions, LLC and Max Casal* | *Attorneys for Defendants, District Healthcare Services, LLC; Breaking Silos In Medicine, LLC and Habib Shamte, M.D.* |

**IT IS HEREBY ORDERED that the Stipulation to Extend Discovery (ECF No. 29) is GRANTED; provided, however, no additional extensions of discovery will be granted absent a demonstration that significant discovery has been completed.**

_____
**U.S. MAGISTRATE JUDGE**

Date: July 2, 2025

*Case No.: 2:24-cv-02355-GMN-EJY*
*Stipulation to Extend Discovery Deadlines (1st Request)*