1  DICKINSON WRIGHT PLLC
   JOHN P. DESMOND
2  Nevada Bar No. 5618
   BROOKS T. WESTERGARD
3  Nevada Bar No. 14300
   MACKENZIE E. ROBINSON
4  Nevada Bar No. 16309
5  940 W Liberty Street, Suite 940
   Reno, Nevada 89501
6  Tel: 775-343-7500
   Fax: 844-670-6009
7  Email: JDesmond@dickinsonwright.com
   Email: BWestergard@dickinsonwright.com
8  Email: MRobinson@dickinsonwright.com
9
   *Attorneys for Defendants District Healthcare Services, LLC,*
10 *Breaking Silos in Medicine, LLC, and Habib Shamte, M.D.*
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CF STAFFING SOLUTIONS, LLC, a Nevada Limited-Liability Company; MAX CASAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DISTRICT HEALTHCARE SERVICES, LLC, a foreign Corporation; BREAKING SILOS IN MEDICINE, LLC, a foreign corporation; HABIB SHAMTE, M.D., an individual; DOES I through X; AND ROE CORPORATIONS through X, inclusive,<br><br>Defendants.<br><br>DISTRICT HEALTHCARE SERVICES, LLC, a foreign Corporation; BREAKING SILOS IN MEDICINE, LLC, a foreign corporation,<br><br>Counterclaimants,<br><br>v.<br><br>CF STAFFING SOLUTIONS, LLC, a Nevada Limited-Liability Company; WC Heath MSO LLC, a Nevada Limited-Liability Company,<br><br>Counterdefendants. | CASE NO. 2:24-cv-02355-GMN-EJY<br><br>(District Court of Clark County Nevada Case No. A-24-905033-C)<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Second Request)** |

1

Plaintiff MAX CASAL, Plaintiff-Counterdefendant CF STAFFING SOLUTIONS, LLC, and Counterdefendant WC HEALTH MSO, LCC (hereinafter "CF Staffing," "Casal," "WC Health," or, collectively, "Plaintiffs"), by and through their counsel of record, together with Defendants-Counterclaimants DISTRICT HEALTHCARE SERVICES, LLC and BREAKING SILOS IN MEDICINE, LLC, and Defendant HABIB SHAMTE, M.D. (hereinafter "DHCS," "BSIM," and "Shamte," or, collectively, "Defendants" and together with Plaintiffs as the "Parties"), by and though their counsel of record, hereby submit this stipulation (the "Stipulation") to extend discovery deadlines set forth in this Court's Order to Extend Discovery Deadlines, entered on July 2, 2025 [ECF No. 30]. Pursuant to the Order to Extend Discovery Deadlines, the current discovery dates are as follows:

| | |
|---|---|
| Initial Expert Disclosures: | October 22, 2025 |
| Rebuttal Expert Disclosures: | November 21, 2025 |
| Close of Discovery: | December 22, 2025 |
| Dispositive Motion Deadline: | January 22, 2026 |
| Pretrial Order: | February 23, 2026 |

This Stipulation is submitted in compliance with LR IA 6-1 and LR 26-3. This is the second request to extend discovery deadlines.

**a.  Statement Specifying the Discovery Completed.**

Since the Parties submitted their first Stipulation and Proposed Order to Extend Discovery Deadlines, which this Court adopted in its Order to Extend Discovery Deadlines, the Parties have exchanged written discovery requests and responses. Namely, the Parties have propounded first sets of written discovery and are currently exchanging responses.

Specifically, on July 23, 2025, Defendants propounded their First Set of Interrogatories and First Set of Requests for Production to CF Staffing. On August 22, 2025, CF Staffing served its Responses which, after a Protective Order was entered by this Court, include a document production running to more than 2,000 pages. On July 29, 2025, Defendants propounded their First

Set of Interrogatories and First Set of Requests for Production to Casal. On August 28, 2025, Casal served his Responses, including a recent production of more than 28,000 pages of documents.

On September 8, 2025, Plaintiffs served their First Set of Requests for Admission and First Set of Requests for Production to Defendants. Defendants have not yet served their Responses as the Parties stipulated to a two-week extension, which set Defendants' deadline to respond to October 23, 2025.

b. **Specific Description of the Discovery that Remains to be Completed.**

The Parties will continue to engage in written discovery. Specifically, Defendants will serve their Responses to Plaintiffs' First Set of Requests for Admission and First Set of Requests for Production. In addition, Defendants intend to notice depositions of Plaintiff's corporate designee(s) and others in Plaintiffs' employ who may have knowledge of the facts and circumstances underlying Plaintiffs' claims. Pending the outcome of Plaintiffs' motion to dismiss (MTD), Defendants further intend to conduct discovery related to WC Health, which was added as a new party in Defendants' First Amended Answer to the First Amended Complaint and Counterclaims ("First Amended Answer"). This discovery will likely focus on WC Health's alter-ego status as related to Plaintiffs. The discovery of the alter-ego issue likely include issuance of third-party subpoenas for documents and/or testimony.

Plaintiffs intend to propound additional written discovery and intend to take the depositions of Defendants' 30(b)(6) designees as well as Defendant Dr. Shamte and any non-party fact or expert witnesses that may have testimony relevant to Plaintiffs' claims and Defendants' defenses and counterclaims. Plaintiffs intend to serve subpoenas on third parties and may take depositions of relevant third parties. Plaintiffs also may issue third-party subpoenas for documents and/or testimony based on the content and quality of Plaintiff's responses to Defendants' discovery requests. Further, pending the outcome of Plaintiffs' MTD, Plaintiffs further intend to conduct discovery related to Defendants' counterclaims.

The Parties may also propound second sets of written discovery based on the responses to its first sets of written discovery, depositions, and in connection to Defendants' counterclaims.

Finally, expert witness discovery will be necessary to the extent the parties elect to disclose experts in this action.

      c.    **The Reasons Why the Remaining Discovery was Not Completed.**

On July 18, 2025, Defendants filed the First Amended Answer, which brought various counterclaims against Plaintiffs and impleaded a new party as a defendant/counter-defendant, WC Health. On August 8, 2025, Plaintiffs moved to dismiss the counterclaims that Defendants alleged in the First Amended Answer. Thus, while the parties were exchanging their first sets of written discovery, they were simultaneously briefing Plaintiffs' MTD. The Parties finished briefing the MTD on August 28, 2025, and it is currently pending with this Court.

Defendants' counterclaims, especially insofar as they bring an alleged "alter ego" claim against WC Health, will likely require substantially different (not overlapping) discovery than contemplated by the Parties prior to Defendants' filing of the First Amended Answer. The scope of discovery is dependent upon this Court's ruling on the MTD, and the Parties are prepared to engage in additional and different discovery in pursuit of the prosecution and defense of Defendants' counterclaims.

The recent submission and briefing of Plaintiffs' MTD and the yet-undetermined disposition of Defendants' counterclaims means that discovery has not been, and necessarily cannot be, completed. Given the current status of this matter and the likelihood of additional discovery and litigation related to Defendants' counterclaims—along with a continued desire to further explore resolution via private negotiation, and perhaps via private mediation—the Parties believe that an extension of the discovery deadlines is necessary to allow a full airing of the issues.

      d.    **Proposed Schedule for Completing All Remaining Discovery.**

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Initial Expert Disclosures: | October 22, 2025 | January 20, 2026 |
| Rebuttal Expert Disclosures: | November 21, 2025 | February 19, 2026 |
| Close of Discovery: | December 22, 2025 | March 23, 2026 |
| Dispositive Motion Deadline: | January 22, 2026 | April 22, 2026 |

4

Pretrial Order:                February 23, 2026        May 26, 2026

In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of this Court. In the further event that the discovery period is extended from the discovery cutoff date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the periods set forth in this paragraph.

Good cause exists to extend the discovery deadlines as proposed in this discovery plan because the Parties are still exchanging written discovery, rendering the current initial disclosure deadline, and all subsequent discovery deadlines, premature. Further, since the Parties submitted their first Stipulation and Proposed Order to Extend Discovery Deadlines, Defendants filed their First Amended Answer, which added counterclaims into this action and impleaded a new party as a defendant/counter-defendant. Following the filing of the First Amended Answer, Plaintiffs' filed, and the Parties fully briefed, a MTD in response to Defendants' counterclaims. Because the MTD is pending a ruling from this Court, the Parties are prepared to, but have not yet, engaged in discovery related to the counterclaims. This Stipulation will adjust discovery deadlines as necessary for the Parties to fully litigate all claims and defenses.

Dated October 15, 2025

| | |
|---|---|
| DICKINSON WRIGHT, PLLC<br>*/s/ Brooks T. Westergard*<br><br>JOHN P. DESMOND, ESQ.<br>Nevada State Bar No. 5618<br>BROOKS T. WESTERGARD, ESQ.<br>Nevada State Bar No. 14300<br>MACKENZIE E. ROBINSON, ESQ.<br>Nevada State Bar No. 16309<br>940 W. Liberty Street, Suite 940<br>Reno, Nevada 89510<br>*Attorneys for Defendants, District Healthcare Services, LLC; Breaking Silos In Medicine, LLC and Habib Shamte, M.D* | LAW OFFICE OF HAYES & WELSH<br>*/s/ Martin L. Welsh*<br><br>MARTIN L. WELSH, ESQ.<br>Nevada State Bar No. 8720<br>MEGAN M. MCHENRY, ESQ.<br>Nevada State Bar No. 9119<br>LARSON A. WELSH, ESQ.<br>Nevada State Bar No. 12517<br>199 North Arroyo Grande Blvd., Suite 200<br>Henderson, Nevada 89074<br>*Attorneys for Plaintiffs, CF Staffing Solutions, LLC and Max Casal* |

IT IS SO ORDERED; provided, however, the parties must comply in the future with LR IA 6-2 prohibiting the judge's signature from appearing on a standalone page.

DATED: October 15, 2025.

_____
U.S. MAGISTRATE JUDGE