**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CF STAFFING SOLUTIONS, LLC, *et al.*,

                 Plaintiffs,

    vs.

DISTRICT HEALTHCARE SERVICES, LLC, *et al.*,

               Defendants.

Case No.: 2:24-cv-02355-GMN-EJY

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS**

Pending before the Court is the Motion to Dismiss Counterclaim, (ECF No. 38), filed by Counter-Defendants CF Staffing Solutions, LLC and WC Health MSO, LLC. Counter-Claimants District Healthcare Services, LLC and Breaking Silos in Medicine, LLC filed a Response, (ECF No. 41), to which Counter-Defendants replied, (ECF No. 42).

For the reasons discussed below, the Court GRANTS the Motion to Dismiss Counterclaims but gives Counter-Claimants leave to amend.

## I.   BACKGROUND

This action arises from alleged breaches of three contracts for medical billing and other related services. (*See generally* First Amended Complaint ("FAC"), ECF No. 9). On October 17, 2023, CF Staffing and District Healthcare entered into the Statement of Work and General Terms Agreement (the "District Healthcare Service Agreement"), whereby CF Staffing would provide to District Healthcare dedicated employees for customer, intake, clinical, IT, and accounting services. (Countercl. ¶ 38, ECF No. 33). Then on February 1, 2024, CF Staffing and District Healthcare entered into a Medical Billing Service Agreement (the "District Healthcare Medical Billing Agreement"), whereby CF Staffing would provide District Healthcare with claims, billing, credentialing, and management services for the initial period of one year subject to automatic renewals. (*Id.* ¶ 33). Lastly, on April 9, 2024, CF Staffing and

Breaking Silos entered into a Medical Billing Service Agreement (the "Breaking Silos Medical Billing Agreement"), whereby CF Staffing would provide Breaking Silos with claims, billing, credentialing, and management services for an initial period of one year subject to automatic renewals. (*Id.* ¶ 43).

Sometime into performance of all three agreements, the relationships between the parties deteriorated. CF Staffing initiated this action in state court, (*see* Compl., ECF No. 1-1), and Defendants removed the matter to federal court and filed their first Partial Motion to Dismiss. (Pet. Removal, ECF No. 1); (Partial Mot. Dismiss, ECF No. 3). Plaintiffs then filed the FAC. (*See* FAC). District Healthcare, Breaking Silos, and Dr. Habib Shamte filed an Answer to the Amended Complaint and Counterclaims (the "Counterclaim"), (ECF No. 33), against CF Staffing and WC Health MSO for claims arising out of the three contracts. The Counter-Claimants allege five counterclaims for relief: (1) breach of District Healthcare Medical Billing Agreement; (2) breach of District Healthcare Service Agreement; (3) breach of Breaking Silos Medical Billing Agreement; (4) breach of the implied covenant of good faith and fair dealing; and (5) alter ego. (*See generally* Countercl., ECF No. 33). Counter-Defendants move to dismiss the Counterclaim under Federal Rule of Civil Procedure 12(b)(6).

## II.    <u>LEGAL STANDARD</u>

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    **DISCUSSION**

Counter-Defendants move to dismiss each counterclaim alleged against them. The Court addresses each counterclaim in turn.

### A.    Breach of District Healthcare Medical Billing Agreement

Counter-Claimants assert a counterclaim against CF Staffing for breach of the District Healthcare Medical Billing Agreement based on CF Staffing allegedly failing to timely and properly process billing and failing to properly credential District Healthcare staff. (Countercl. ¶¶ 32–36). The parties agree, and the District Healthcare Medical Billing Agreement provides, that the "agreement is governed by and interpreted and construed in accordance with the law of the State of California. . . ." (District Healthcare Medical Billing Agreement at 7, Ex. B to Mot. Dismiss Countercl., ECF No. 38). Under California law, to prevail on a cause of action for breach of contract, the counter-claimant must prove "(1) the contract, (2) the [counter-

claimant's] performance of the contract or excuse for nonperformance, (3) the [counter-defendant's] breach, and (4) the resulting damage to the [counter-claimant]." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. App. Ct. 2014). Counter-Defendants only move to dismiss this counterclaim based on the elements of breach and performance.

For the element of breach, Counter-Defendants put forth several arguments for dismissal, but each argument asks the Court to conduct an analysis of disputed interpretations of the contract language, which is beyond the scope of the dismissal stage. Indeed, "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of . . . [a] claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (quoting 5B Arthur R. Miller et al., *Federal Practice & Procedure* § 1356 (3d ed. 2020)). To survive a motion to dismiss, the Counterclaim need only contain sufficient factual matter, accepted as true, to state a counterclaim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. Here, the Counterclaim plausibly alleges a breach occurred when District Healthcare failed to timely and properly process billing and failed to properly credential District Healthcare staff. (Countercl. ¶ 35). Whether or not a breach actually occurred based on the actions taken by the parties and the language of the contract is a question for summary judgment.

But, for the element of performance, Counter-Defendants are correct that Counter-Claimants fail to allege facts that would support this element of the counterclaim. (*See* Mot. Dismiss Countercl. 10:17–18). The Counterclaim merely alleges that District Healthcare Services performed all obligations required of it under the District Healthcare Medical Billing Agreement, or was excused from performing any obligations it did not satisfy. (Countercl. ¶ 34). FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, Counter-

Defendants' Motion to Dismiss the breach of the District Healthcare Medical Billing Agreement is GRANTED. But because amendment would not be futile, Counter-Claimants are granted leave to amend this counterclaim.

### B. Breach of District Healthcare Service Agreement

Next, Counter-Claimants assert a counterclaim against CF Staffing for breach of the District Healthcare Service Agreement based on its alleged failure to provide the IT services it was tasked to perform. (Countercl. ¶¶ 37–41). The parties do not identify which state's law should be applied to the contract, the contract does not contain a choice of law provision, and the parties' filings do not allege where the contract was signed or was to be performed at. But CF Staffing, a Nevada LLC, contracted to provide services to District Healthcare, so the Court will apply Nevada contract law to this counterclaim for purposes of the dismissal stage.[1] Under Nevada law, a counter-claimant claiming breach of contract must show: (1) the existence of a valid contract between the parties; (2) the counter-claimants' performance, inability to perform, or excuse from performance; (3) the counter-defendant's material failure to perform; and (4) damages resulting from the failure to perform. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).

As to the element of their material failure to perform, Counter-Defendants again ask the Court to make determinations about disputed interpretations of the contract language and the contract scope. But the Counter-Defendants are correct that Counter-Claimants fail to allege facts that would support the element of Counter-Claimants' performance, inability to perform, or excuse from performance because Counter-Claimants merely allege a formulaic recitation of this element. (*See* Countercl. ¶ 39). Thus, Counter-Defendants' Motion to Dismiss the breach

---

[1] To the extent that California law applies, the Court notes that the elements for a breach of contract claim/counterclaim are essentially the same in California and Nevada.

of the District Healthcare Services Agreement is GRANTED.  But because amendment would not be futile, Counter-Claimants are granted leave to amend this counterclaim.

### C.  Breach of Breaking Silos Medical Billing Agreement

Counter-Claimants allege that CF Staffing breached the Breaking Silos Medical Billing Agreement by failing to timely and properly process billing and failing to properly credential Breaking Silos staff.[2] (Countercl. ¶ 45).  Because the Breaking Silos Medical Billing Agreement contains a California choice of law provision, the Court applies California law to this claim. (Breaking Silos Medical Billing Agreement at 7, Ex. C to Mot. Dismiss Countercl., ECF No. 38).

Counter-Defendants first argue that the allegations related to this counterclaim are conclusory. (Mot. Dismiss Countercl., 14:3–7).  But the Counterclaim alleges that CF Staffing either failed to perform the contracted credentialing services or allowed staff members' credentials to lapse and prevented Breaking Silos and District Healthcare from accessing credentialling for a time period. (Countercl. ¶¶ 23–24).  This alleged failure to perform resulted in reduced income to District Healthcare and Breaking Silos which caused District Healthcare to take out a high-interest loan to cover employee payroll. (*Id.* ¶ 25).  These allegations are not conclusory and plead a plausible counterclaim for relief.  But, again, Counter-Claimants fail to allege facts that would support the element of performance because Counter-Claimants merely alleged a formulaic recitation of this element. (*See* Countercl. ¶ 44).  Accordingly, Counter-Defendants' Motion to Dismiss the breach of the Breaking Silos Medical Billing Agreement is GRANTED.  But because amendment would not be futile, Counter-Claimants are granted leave to amend this counterclaim.

---

[2] The Counterclaim alleges that CF Staffing breached the Breaking Silos Medical Billing Agreement by failing to timely and properly process billing and failing to properly credential *District Healthcare* staff.  But Counter-Claimants explain that this allegation contained a typographical error, and they intended to allege that CF Staffing failed to properly credential *Breaking Silos* staff. (Resp. at n. 4, ECF No. 41).

**D. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Counter-Claimants allege that CF Staffing breached the implied covenant of good faith and fair dealing in each contract by utilizing employees in India, instead of the Philippines, utilizing WC Health's employees and resources, and failing to disclose the same to Breaking Silos and District Healthcare. (Countercl. ¶ 50). Both California and Nevada law implies a covenant of good faith and fair dealing in every contract. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (Ct. App. 1990); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). "Where the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp.*, 808 P.2d at 922–23. "This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract." *Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019). "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Id.* (quotation omitted); *Careau*, 222 Cal. App. 3d at 1395 ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.")

Here, the Counterclaim adequately alleges literal compliance with the contractual terms of the three contracts at issue, to the extent that literal compliance can be alleged as part of an alternative counterclaim for relief. (*See* Countercl. ¶ 50). Further, the Counterclaim does not use the same allegations for the breach of contracts counterclaims and breach of the implied covenant of good faith and fair dealing counterclaim, satisfying the standard in *Stebbins* and

*Careau.* CF Staffing's contentions that the contracts did not contain express terms obligating it to utilize employees in the Philippines, not to utilize WC Health's employees and resources, and disclose the same to Breaking Silos and District Healthcare, is unsupported by case law. There need not be an express term underlying the breach of the implied covenant since the implied covenant looks beyond the "express contractual covenants." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–32 (Cal. Ct. App. 1992).

However, the Court finds that Counter-Claimants fail to allege facts that show how the use of employees in India rather than the Philippines to perform services under any of the agreements deprived Counter-Claimants of the benefits of those agreements, damaged Counter-Claimants in any way, or contravened the spirit of the agreements. Counter-Claimants merely allege a formulaic recitation of this requirement. (*See* Countercl. ¶ 50). In Response, Counter-Claimants provide more details for this counterclaim, but a party cannot amend their pleading through their responsive brief. *See, e.g., Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd*, No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, Counter-Defendants' Motion to Dismiss the breach of the implied covenant of good faith and fair dealing counterclaim is GRANTED. But because amendment would not be futile, Counter-Claimants are granted leave to amend this counterclaim.

**E. Alter Ego**

Counter-Claimants assert an alter ego counterclaim alleging that WC Health and CF Staffing are alter egos of each other. (Countercl. ¶¶ 52–58). Counter-Defendants move to dismiss this counterclaim arguing that it is not an independent cause of action and is contingent on Counter-Claimant's other counterclaims for relief. (Mot. Dismiss Countercl. 17:22–18:14).

Indeed, "alter ego is a procedural mechanism to enforce an underlying claim and not an independent cause of action." *Five Points Hotel P'ship v. Pinsonneault*, 697 F. App'x 549, 550 (9th Cir. 2017). Because the Court dismisses the preceding counterclaims, this counterclaim must also be dismissed. Accordingly, Counter-Defendant's Motion to Dismiss the alter ego counterclaim is GRANTED. But because amendment would not be futile as to the preceding counterclaims, Counter-Claimants are granted leave to amend their alter ego counterclaim.

## IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Counter-Defendants' Motion to Dismiss Counterclaim, (ECF No. 38), is **GRANTED.** Counter-Claimants' Counterclaim is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** Counter-Claimants shall have 21 days from the date of this Order to file an Amended Counterclaim.

**IT IS FURTHER ORDERED** that District Healthcare Services, LLC, and Breaking Silos in Medicine, LLC were previously given until January 5, 2026 to retain new counsel.[3] Failure to retain new counsel or failure to enter a Notice of Appearance may result in the Court entering default and default judgment against the entities as to the claims asserted against them. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

**DATED** this ___27___ day of January, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] In the Order granting the Motion to Withdraw as Counsel for Defendants District Healthcare Services, LLC, Breaking Silos in Medicine, LLC, and Habib Shamte, M.D., Judge Youchah advised District Healthcare and Breaking Silos that business entities must appear in federal court through licensed counsel and that they must retain new counsel in order to continue to defend against the claims raised. (*See* Order 1:27–2:5, ECF No. 50).